**Steptoe**

CLIENT ALERTS

# New Twist in ADA Claims: 60+ Class Actions Filed Over Gift Cards Without Braille

October 30, 2019

## Authors
Stephanie A. Sheridan, Anthony J. Anscombe

## Overview

On October 24, 2019, Gottlieb & Associates, a plaintiff's firm well-known for bringing scores of website accessibility cases, filed over 60 class actions in the Southern and Eastern Districts of New York against retailers and fast food restaurants. These nearly identical 23-page complaints allege violations of the Americans with Disabilities Act (ADA) and similar state laws based on retailers' failure to emboss the issuer of the card as well as the denomination of the card in Braille on their gift cards. The exact manner in which plaintiffs sought out the gift cards is vague, likely by design. Plaintiffs each allege that they "contacted" defendants and were told that defendants did not offer gift cards with Braille, and that, after this contact with defendants, plaintiffs "could not locate Braille store gift cards offered by the defendant[s] for sale to purchase the same because they are not offered by the defendant[s]."

On these facts plaintiffs allege that defendants, whose stores are considered places of public accommodation under the ADA and New York law, failed to provide sight-impaired individuals with equal access to the privileges and services offered by these establishments. Specifically, the defendants did not make available "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disability."

The lawsuits assert liability for violations of three separate statutes – the ADA, New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL). Because the New York state law claims are governed by the same standards as the ADA, a successful defense under the ADA should apply to the state law claims predicated on the same facts. *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F. 3d 113, 117 fn. 1 (2nd Cir. 2004*)*; *see also Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 fn. 3 (2d Cir. 2006) (NYSHRL claim "survives or fails on the same basis as [an] ADA claim.")

A threshold question in these cases is whether the ADA and state laws even apply. While there are no published decisions directly on point (unsurprising, given this novel interpretation of the ADA), there is authority that suggests that the ADA does not stretch so far as to cover the conduct complained of in these suits. The ADA's auxiliary aid requirement, which requires places of public accommodation to offer "brailled materials and displays" in certain circumstances, has been interpreted by the Department of Justice to be a flexible standard, allowing retailers discretion to "choose among various alternatives as long as the result is *effective communication*." (28 C.F.R. § Pt. 36, App. C. emphasis added)*.*

In addition to the potential legal deficiencies of these suits, they also pose a bevy of practical conundrums. These suits assume, among other things, that all gift cards are issued in pre-set denominations. Although some retailers carry gift cards in pre-set denominations, there are just as many, if not more, that only offer gift cards in the increments requested by customers at the point of sale. Moreover, these suits fail to consider that many restaurants and retailers offer their gift cards for sale over the internet on websites that are ADA compliant.

It does not escape notice that these new suits make ample use of the photocopier despite one New York federal judge recently dismissing a Gottlieb website case and concluding that "those who live by the photocopier shall die by the photocopier." *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).

Given the cash cow that website accessibility claims have been for the plaintiff's bar, aided by the lack of any clear standards for compliance, this new wave of access suits underscores that novel iterations of ADA claims will continue.

# Practices

**Commercial Litigation**

**Retail & E-Commerce**

© 2021 STEPTOE & JOHNSON LLP. ALL RIGHTS RESERVED. ATTORNEY ADVERTISING.