UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
JUAN ROMAN, ON BEHALF OF HIMSELF :
AND ALL OTHER PERSONS SIMILARLY :
SITUATED, :
: **Case No.: 1:21-cv-5939**
:
*Plaintiffs*, :
:
-against- :
:
GREENWICH VILLAGE DENTAL ARTS P.C., :
AND ADVANCED DENTAL ARTS, P.C., :
:
*Defendant.* :
------------------------------------------------------------------------

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Koss & Schonfeld, LLP**
90 John Street, Suite 503
New York, NY 10038
*Attorneys for Defendants*
GREENWICH VILLAGE DENTAL ARTS P.C.
AND ADVANCED DENTAL ARTS, P.C.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT .............................................................................................................................6

    I.    STANDARD UNDER FED. R. CIV. P. 12(B)(1) and (6) ............................................6

    II.    THE ADA DOES NOT APPLY TO DEFENDANT'S WEBSITE ...............................7

    III.    PLAINTIFF HAS NO CONSTITUTIONAL STANDING..........................................8

        a.    Plaintiff's Conclusory Allegations Do Not Demonstrate a Concrete and Particularized Injury in Fact ...................................................................................10

        b.    The Alleged Injuries Are Neither Concrete Nor Particularized.............................11

    IV.    PLAINTIFF'S NYCHRL and NYCHRL CLAIMS SHOULD BE DISMISSED……14

CONCLUSION ........................................................................................................................14

# **TABLE OF AUTHORITIES**

*Cases*                                                                                                                              Page(s)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................ 6

*Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) ........................................... 9

*Camacho v. Vanderbilt Univ.*, No. 18 CIV. 10694 (KPF), 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) ............................................................................................................................ 6

*Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) .................................................. 9

*Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56-57 (2d Cir. 2016) ....................................... 6

*Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 WL 6547902, at *3 n.4 (S.D.N.Y. Dec. 20, 2017). ................................................................................................... 6

*Diaz v. Petland Inc.*, Case No. 1:18-cv-07906-JGK (S.D.N.Y 2018) (Doc. No. 1) ..................... 1

*Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) ................................................... 7

*Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019). .................................................. 7

*Feltzin v. Triangle Props. #1*, LLC, No. 14-cv-5131 (JMA) (ARL), 2016 U.S. Dist. LEXIS 192861, at *12 (E.D.N.Y. Dec. 15, 2016) ............................................................... 9, 12

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). .... 8

*Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021) ................................................. 7

*Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 657 (4th Cir. 2019) ...................... 10

*Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *5 (S.D.N.Y. Dec. 18, 2020) ................................................................................... 11, 12

*Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) ......................................... 6

*Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016). ........................................ 10

*Lopez v. W. Elm, Inc.*, No. 19 CIV. 10079 (ER), 2020 WL 6546214, at *3 (S.D.N.Y. Nov. 6, 2020) .......................................................................................................................... 13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ......................................................... 8

*Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *2 (S.D.N.Y. Mar. 28, 2019) ...................................................................................................................... 11, 13

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ........................ 6, 8

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ...................................................... 8, 9, 10

*Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) .......................................................... 9

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) ......................................................... 8

*Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 353–54 (S.D.N.Y. 2002) .............................. 6

*Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 134 (S.D.N.Y. 2020) .......................................... 6

*TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *3 (U.S. June 25, 2021) ........ 10

*Williams v. Gilbert H. Wild II, LLC*, 1:21-cv-1491 (S.D.N.Y. Aug. 17, 2021) (Doc. No. 1) ........ 1

**Statutes**

28 C.F.R. § 36.303 et seq. ............................................................................................................ 4, 9

42 U.S.C. § 12181, et. seq. ................................................................................................... 2, 4, 7, 9

U.S. Const., Art. III, § 2 .................................................................................................................. 8

NYSHRL ................................................................................................................................ 1, 5, 13

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 6

Fed. R. Civ. P. 12(b) ................................................................................................................ 1, 6, 7

Defendants GREENWICH VILLAGE DENTAL ARTS P.C. and ADVANCED DENTAL ARTS, P.C. ("Defendants" or "Dental Arts") respectfully submit this memorandum of law in support of their motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Class Action First Amended Complaint ("Amended Complaint") interposed by Plaintiff Juan Roman ("Plaintiff" or "Roman"). *See* Ex. A to Declaration of Jacob J. Schindelheim, in Support of Defendants' Motion to Dismiss the Complaint, dated March 4, 2022.

**PRELIMINARY STATEMENT**

Following a conference call held with the Court, Plaintiff's counsel was graciously given the opportunity to file an Amended Compliant to address the deficiencies contained in his initial Compliant. Thereafter, Plaintiff filed a First Amended Complaint which merely added paragraph No. 32 and some photos purporting to demonstrate website access barriers. However, the deficiencies contained in the First Amended Complaint remain unremedied and the document raises the same issues with regard to standing that were present in the initial complaint (the "Complaint"). Like the Complaint, the Amended Complaint is little more than a cut and paste job from among the hundreds of other complaints filed by Plaintiff's counsel.[1] This lawsuit is thus one of hundreds of website accessibility cases filed in this district utilizing largely form complaints with virtually identical allegations and theories, which hijack statutes designed to legitimately preclude commercial discrimination against visually impaired consumers, as a vehicle for corporate shakedowns. Plaintiff's counsel has filed over 100 identical boilerplate complaints in this district in the last 2 years alone.[2] The majority of website accessibility cases settle early for

---

[1] *See, for e.g.*, complaints in *Williams v. Gilbert H. Wild II, LLC*, 1:21-cv-1491 (S.D.N.Y. Aug. 17, 2021) (Doc. No. 1); *Diaz v. Petland Inc.*, Case No. 1:18-cv-07906-JGK (S.D.N.Y 2018) (Doc. No. 1) (represented by Gottlieb & Associates and Cohen & Mizrahi LLP).

[2] See "Steptoe: Client Alerts: New Twist in ADA Claims: 60+ Class Actions Filed Over Gift Cards Without Braille," annexed to the Declaration as Exhibit B: "On October 24, 2019, **Gottlieb & Associates**, a plaintiff's firm well-known for bringing scores of website accessibility cases, filed over 60 class actions in the Southern and Eastern Districts of

cost-benefit reasons. Since 2017, such settlements have cost businesses millions of dollars in the aggregate—an unfortunate state of affairs since these forced settlements have been driven by a handful of District Court cases erroneously assuming that Title III of the American Disabilities Act, 42 U.S.C. § 12181, et. seq. ("ADA") applies to websites. As every Circuit Court of Appeal to address the issue has recognized—the plain language of the ADA is limited to physical places.

These nearly identical complaints give virtually no consideration to the details of Dental Arts' websites or the services they provide. For instance, Plaintiff claims that Dental Arts' purported "discrimination is particularly acute during the current COVID-19 global pandemic. According to the Centers for Disease Control and Prevention ("CDC"), Americans living with disabilities are at higher risk for severe illness from COVID-19 and, therefore, are recommended to shelter in place throughout the duration of the pandemic. This underscores the importance of access to ***online retailers***, such as Defendant, for this especially vulnerable population." Exhibit A at ¶ 8.

Defendant, however, is not an online retailer. As its Website confirms:

> Advanced Dental Arts provides a wide variety of dental services under one roof. Our modern facility serves all of Manhattan with state-of-the-art care in a variety of dental specialties. Our dentists specialize in orthodontics, pediatrics, prosthodontics, endodontics, and periodontics, and can address any dental need you may have.[3]

---

New York against retailers and fast food restaurants. These nearly identical 23-page complaints allege violations of the Americans with Disabilities Act (ADA) and similar state laws based on retailers' failure to emboss the issuer of the card as well as the denomination of the card in Braille on their gift cards…On these facts plaintiffs allege that defendants, whose stores are considered places of public accommodation under the ADA and New York law, failed to provide sight-impaired individuals with equal access to the privileges and services offered by these establishments. Specifically, the defendants did not make available "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disability. The lawsuits assert liability for violations of three separate statutes – the ADA, New York State Human Rights Law (NYSHRL), and New York City Human Rights Law (NYCHRL)."  https://www.steptoe.com/en/news-publications/new-twist-in-ada-claims-60-class-actions-filed-over-gift-cards-without-braille.html (accessed 11/17/2021).

[3] Website, <https://advanceddentalartsnyc.com/about/contact/book-appointment/> (accessed on 11/30/21).

If Plaintiff argues that he is recommended to shelter in place throughout the duration of the pandemic, he would be unable to obtain dental services provided by Dental Arts in the first instance. Notwithstanding the above, Plaintiff also erroneously argues that Defendants are operating "dental offices, across the United States." *Id.* at ¶ 19. On the contrary, Dental Arts is a single-location dental service provider, located exclusively at 55 East 9th Street in Manhattan, New York and providing a wide variety of dental services under one roof. Dental Arts' modern facility serves all of Manhattan with state-of-the-art care in a variety of dental specialties including orthodontics, pediatrics, prosthodontics, endodontics, and periodontics.[4] Such specialized services are, however, available only in person at the Manhattan address.

The Amended Complaint should be dismissed for several reasons. First, the text of the ADA makes clear that Congress did not intend for the ADA to apply to websites in general. Second, the Court lacks subject matter jurisdiction because Plaintiff failed to establish the elements to confer standing. In particular, Plaintiff's bare and abstract allegations of injury do not plead an injury-in-fact that is concrete and particularized. While the Amended Complaint contains a laundry list of "common" access barriers on generic 'non-compliant websites" (most of which Plaintiff does not allege are actual barriers on Dental Arts' website), Plaintiff utterly fails to connect any specific access barrier to a specific injury he claimed to have suffered. Moreover, the addition of paragraph 32 and the phots that follow it do nothing to establish any injury was caused by the purported access barriers. Thus, Plaintiff lacks Article III standing to bring this action, and this Court lacks jurisdiction to hear his ADA claim and his claims under New York State and New York City laws. Third, Plaintiff has failed to plead facts sufficient to state a claim for the numerous other forms of relief he seeks under New York State and New York City law. Finally, because

---

[4] See Dental Arts' website (hereinafter, "Website") at <https://advanceddentalartsnyc.com/about/contact/book-appointment/> (accessed on 11/30/21).

Plaintiff's ADA claim fails, Plaintiff's New York State and City law claims should also be dismissed.

For these reasons, and as discussed in detail below, Dental Arts respectfully asks the Court to dismiss, with prejudice, all of Plaintiff's claims for lack of standing because of his failure to adequately plead a particularized injury. In the alternative, Dental Arts asks the Court to: (1) dismiss Plaintiff's claim for compensatory damages and punitive damages and fines to Plaintiff and the proposed class and Sub-Classes for alleged violations of their civil rights under New York State Human Rights Law and City Law; (2) dismiss Plaintiff's claim for pre- and post-judgment interest; (3) dismiss Plaintiff's claim for an award of costs and expenses of the action; and (4) dismiss Plaintiff's claim for reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, including costs of monitoring Defendant's compliance with the judgment.

It is noteworthy that Plaintiff has filed at least four (4) complaints in New York Federal Courts, one in New York Supreme Court (suing the City of New York). The Plaintiff is also a defendant in another federal case.[5]

### STATEMENT OF FACTS

Plaintiff alleges that he is a "visually-impaired and legally blind person who requires screen-reading software to read website content using his computer." (Exhibit A at ¶ 2). Plaintiff also alleges that he used Job Access With Speech ("JAWS"), a screen-reading software program, when he purportedly visited the Website on separate occasions. *Id.* ¶¶ 25, 31. Plaintiff alleges that "version 2.0 of the Web Content Accessibility Guidelines ('WCAG 2.0')", published by the

---

[5] See, *Brown et al v. New York City Housing Authority*, Case No. 1:16-cv-09263-RA (S.D.N.Y. November 30, 2016; closed September 14, 2018); *Roman v. Audubon Avenue, LLC,* Case No. 1:17-cv-00863-LTS (S.D.N.Y February 5, 2017; closed January 3, 2020); *Reyes, et al v. The City of New York, et al*, Case No. 181:92-cv-05410-LLS (S.D.N.Y. July 20, 1992; closed November 25, 1992; *Roman v. United States Lines*, Case No. 1:99-cv-08541-RWS (S.D.N.Y. August 2, 1999; closed October 6, 1999); *Roman v. The City of New* York, (Kings Sup. Ct 2006) Index No. 6548/2006.

international website standards organization, the World Wide Web Consortium ("W3C"), are the "well-established guidelines for making websites accessible to blind and visually-impaired persons" and that "simple compliance with the WCAG 2.0 Guidelines would provide Plaintiff and other visually-impaired consumers with equal access to the Website." *Id.* at ¶¶ 27, 41.

Plaintiff alleges "upon information and belief" that "Defendant's policy and practice [is] to deny Plaintiff [an others] access to Defendant's website, and to therefore specifically deny the services that are offered thereby." *Id.* ¶ 30. Plaintiff merely adds that he last visited the Website in June 2021 as an inadequate attempt to cure the deficiencies in his pleading, only vaguely alleging that he made an unspecified number of visits "on separate occasions," "the last occurring in June, 2021." *Id.* at ¶ 31, 32. He claims that during those unspecified visits, he was denied "the full enjoyment of the services of the Website" and encountered "multiple accessibility barriers." *Id.* at ¶ 34.

Plaintiff claims he was "unable to obtain dental assistance and other services available online and in [Defendants'] dental offices for purchase, and to ascertain information relating to insurance, scheduling appointments, doctors, and privacy policies," but does not explain what exactly prevented him from making a purchase. *Id.* at ¶ 32. While Plaintiff compiles a list of "common barriers" posed by non-compliant websites (*Id.* ¶ 28), he does not identify where, if anywhere, he purportedly encountered any of these barriers on the Website, nor does he identify what portions of the Website such alleged barriers prevented him from accessing. *Id.* Plaintiff later reiterates that he "encountered multiple access barriers," but again fails to particularize where on the Website these supposed barriers were encountered. (*Id.* ¶ 32-36) Plaintiff seeks to remedy this deficiency by including excepts from the Website, yet he still fails to identify what barriers he encountered or what he attempted to purchase. Plaintiff also fails to specify the date on which he

encountered any such barriers. *Id.* Plaintiff does not allege whether he ever made a purchase (see Exhibit A, generally), but claims that he was deterred "from visiting Defendant's Website and enjoying it equal to sighted individuals." *Id.* at ¶ 38. Plaintiff claims that "[i]f the Website was equally accessible to all, Plaintiff could independently navigate the Website and complete a desired transaction as sighted individuals do." *Id.* ¶ 39.

Consequently, Plaintiff seeks, *inter alia*, a preliminary and permanent injunction to prohibit Dental Arts from violating the ADA, the NYSHRL and the NYCHRL, "requiring Defendant to take all the steps necessary to make its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals." (Exhibit A at ¶ 96 "Prayer for Relief").

## ARGUMENT

**I. STANDARD UNDER FED. R. CIV. P. 12(B)(1) and (6).**

A defendant may attack subject matter jurisdiction on a Rule 12(b)(1) motion in two ways—a facial or factual attack. *Camacho v. Vanderbilt Univ.*, No. 18 CIV. 10694 (KPF), 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019). For purposes of a factual challenge, a defendant may proffer evidence beyond the pleadings. *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56-57 (2d Cir. 2016). The burden is on the plaintiff asserting subject matter jurisdiction to "prov[e] by a preponderance of the evidence that [subject matter jurisdiction] exists." *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 134 (S.D.N.Y. 2020).[6] To oppose a factual Rule 12(b)(1) challenge, a plaintiff must present controverting evidence "if the affidavits submitted on a 12(b)(1) motion...reveal the existence of factual problems" with respect to jurisdiction. *Camacho v. Vanderbilt Univ.*, No. 18 CIV. 10694 (KPF), 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019), at *9 (internal citations omitted); *see also Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017).

To survive a Fed. R. Civ. P. 12(b)(6) dismissal motion, a complaint must include sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On the factual sufficiency prong, the pleading standard of Fed. R. Civ. P. 8(a)(2) demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation. *Iqbal*, 556 U.S. at 677-79. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of 'further

---

[6]The burden is also on the Plaintiff asserting jurisdiction to prove by a preponderance of the evidence that jurisdiction is proper. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). On a Rule 12(b)(1) factual challenge to subject matter jurisdiction, the Court is permitted to refer to evidence extrinsic to the pleadings, including affidavits and exhibits. *Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 353–54 (S.D.N.Y. 2002). The Court may also review the Website because it is incorporated in the Complaint. *Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 WL 6547902, at *3 n.4 (S.D.N.Y. Dec. 20, 2017).

factual enhancement." *Id.* In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court is not required to credit conclusory allegations or legal conclusions couched as factual allegations. *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019).

## II.     THE ADA DOES NOT APPLY TO DEFENDANT'S WEBSITE.

Congress passed the ADA in 1990 and amended it in 2008. Under Title III of the ADA "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of *any place of public accommodation* by any person who owns, leases (or leases to), or operates a *place of public accommodation*." 42 U.S.C.A. § 12182(a) (West) (emphasis added). In the 12 subparagraphs in Section 12181(7), Congress provided an expansive list of categories of "places of public accommodations." *Id.* at § 12181(7). Every accommodation listed therein is a physical location. *Id.* The list does not include websites or other non-places (i.e., catalogs, vending machines, televised home shopping, etc.). *Id.*

In *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021), the Eleventh Circuit directly resolved the issue of whether a website was itself a public accommodation and held that the statutory language defining "public accommodations" was unambiguous and clear—it describes 12 types of locations, all of which were tangible, physical places. No intangible places or spaces, such as websites, are listed. The court thus concluded that "pursuant to the plain language of Title III of the ADA, public accommodations are limited to actual, physical places," and websites did not qualify. *Id.* at 1277.

Specifically, the Eleventh Circuit held that: (1) there is no violation of the ADA because a website is not a place of public accommodation, and (2) the website did not prevent access to the goods, services, privileges, or advantages of defendants' physical locations. *Id.*

The Second Circuit has never resolved the question of whether a website constitutes a "place of public accommodation."

In light of the above, there is no basis support Plaintiff's allegation that the ADA applies to websites.

### III. PLAINTIFF HAS NO CONSTITUTIONAL STANDING.

Even if the Court were to find that the ADA applies to websites, Plaintiff's Complaint must nonetheless be dismissed for lack of subject matter jurisdiction. Plaintiff must prove by a preponderance of the evidence that jurisdiction is proper. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). Article III of the Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Supreme Court has established that the "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (*quoting Lujan*, 504 U.S. at 560). A plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Where, as here, a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury,' often termed a 'likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015).

9

### A. Plaintiff's Conclusory Allegations Do Not Demonstrate a Concrete and Particularized Injury in Fact.

To state a claim under Title III, a plaintiff must allege (1) that he is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) that defendant discriminated against plaintiff by denying him a full and equal opportunity to enjoy the services defendant provides. See 42 U.S.C. § 12182(a); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Discrimination is defined to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii). The applicable regulations define "auxiliary aids and services" to include "screen reader software," "accessible electronic and information technology," or "other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b)(2).

Importantly, the Supreme Court has confirmed that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc.*, 136 S. Ct. at 1549; *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (no statutory violation if no injury in fact). "Even where a plaintiff personally encounters conditions that allegedly violate the ADA, [] such encounter must cause an injury that is both concrete and particular to the plaintiff in order to be sufficient to establish standing." *Feltzin v. Triangle Props. #1*, LLC, No. 14-cv-5131 (JMA) (ARL), 2016 U.S. Dist. LEXIS 192861, at *12 (E.D.N.Y. Dec. 15, 2016). "A harm is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560, n.1. Injury is "concrete" if it is "de facto;" that is, it must actually exist rather than being only "abstract." *Spokeo, Inc.*, 136 S. Ct. at 1548; *Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79

(S.D.N.Y. 2016). "[C]onclusory claims of harm do not suffice." *Kelen*, 259 F. Supp. 3d at 81. As the Supreme court recently reaffirmed, "[n]o concrete harm, no standing." *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, at *3 (U.S. June 25, 2021) (emphasis added).

The Complaint should be dismissed because Plaintiff has not alleged an injury that is both "concrete" and "particularized." Plaintiff failed to identify any issues that constitute ADA violations and has failed to connect the alleged "barriers" to an injury particular to him. "*Spokeo* makes clear that the harm needed to find Article III standing must be "something greater than a bare procedural violation, divorced from any concrete harm." *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 657 (4th Cir. 2019) (dismissing ADA website accessibility claim).

**B. The Alleged Injuries Are Neither Concrete Nor Particularized.**

Plaintiff compiles a list of "common barriers" posed by non-compliant websites (Exhibit A at ¶ 28), but fails to identify where, if anywhere, on the Website such barriers exist, or what portions of the Website such alleged barriers prevented him from accessing. (*Id.* at ¶¶ 34-36). His inclusion of Website except fails to meet the statutory requirements.

Plaintiff further alleges that, upon his purported visits to the Website, he "encountered multiple access barriers that denied Plaintiff a shopping experience similar to that of a sighted person and full and equal access to the services offered to the public and made available to the public; and that denied Plaintiff the full enjoyment of the services of the Website by being unable to obtain dental assistance and other services available online and in their dental offices for purchase." *Id.* at ¶ 33. Plaintiff provides a list of four common accessibility issues, including: Lack of Alternative Text ("alt-text"), or a text equivalent (*Id.* at ¶34(a)); Empty Links That Contain No Text (*Id.* at ¶34(b)); Redundant Links (*Id.* at ¶34(c)); and Linked Images Missing Alt-text (*Id.* at ¶34(d)). The Amended Complaint fails to identify any specific services or information within the

11

Website that Plaintiff was unable to access because of these particular barriers (only vaguely listing broad categories of services ostensibly provided by Dental Arts, e.g. "services…which allow consumers to: obtain dental assistance and other services available online and in their dental offices for purchase, and to ascertain information relating to insurance, scheduling appointments, doctors, and privacy policies." *Id.* at ¶ 29.

Plaintiff next alleges that "[m]any pages on the Website also contain the same title elements." *Id.* at ¶35. Plaintiff does not identify where, if anywhere, on the Website such issues exist, or what portions of the Website such alleged issues prevented him from accessing. *Id.* Plaintiff next alleges that the "Website also contained a host of broken links." *Id.* at ¶36. Plaintiff does not identify where, if anywhere, on the Website such broken links exist, or what portions of the Website such alleged barriers prevented him from accessing. *Id.* Plaintiff's lack of specificity prevents Dental Arts from locating the precise portion of the Website where the above errors were allegedly encountered to test for whether such errors exist.

The allegations in ¶¶ 28, 34(a)-(d), 35, and 36 of the Amended Complaint are not actionable. Courts have made clear that more specific detailed factual allegations of particularized harm are required to survive dismissal. *See, Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *5 (S.D.N.Y. Dec. 18, 2020) (website accessibility complaint dismissed where plaintiff failed to plead injury in fact with sufficient clarity); *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *2 (S.D.N.Y. Mar. 28, 2019) (website accessibility complaint dismissed where plaintiff listed general barriers, but failed to identify sections of the website she could not access); *Feltzin v. Triangle Props. #1, LLC*, No. 14-cv-5131(JMA) (ARL), 2016 U.S. Dist. LEXIS 192861, at *15 (E.D.N.Y. Dec. 15, 2016). Absent some causal connection between the violations and an actual injury, the Court is deprived of

subject matter jurisdiction. *Id.* at *16 ("Plaintiff makes no attempt to tether his laundry list of alleged [ADA] violations to any alleged injury. Absent such a connection, plaintiff lacks standing").

In *Guglielmo*, like here, the plaintiff alleged that "he visited the Website on multiple occasions, the last occurring in December of 2019." *Guglielmo*, 2020 WL 7480619, at *4. Like here, the plaintiff in *Guglielmo* alleged that he "found certain access barriers across…'many pages' of the Website," which he contended "denied him the ability to use and enjoy the Website "the same way sighted individuals do." (*Id.*, compare to Complaint at ¶¶ 28, 34(a)-(d), 35, and 36). Like here, while the plaintiff in *Guglielmo* identified certain barriers, he did not allege where exactly on the Website he encountered these barriers. *Guglielmo*, 2020 WL 7480619, at *4.

Finally, as here, plaintiff does not identify any specific goods that he intended to purchase on any of his visits to the website, nor did he specify the dates of any visits. *Id*. The plaintiff in *Guglielmo* made "sparse allegations" about being deterred from equal access to the Website, and that if the Website were made equally accessible, he could navigate it for the purpose of making a purchase. *Id.* at *5; Exhibit A at ¶ 39. Recognizing that "Courts in this Circuit have required far more from plaintiffs bringing ADA claims," the court dismissed the complaint. *Guglielmo*, 2020 WL 7480619, at *5 ("The Complaint thus offers only vague and conclusory allegations of intent to return, and fails to establish a likelihood of return. Because Plaintiff has not pleaded injury in fact with sufficient clarity, and because he has not alleged any future concrete plan to visit the Website, the Court agrees with Defendant that Plaintiff lacks standing to bring a claim under the ADA"); see also *Mendez*, 2019 WL 2611168, at *2. In the complaint's sole attempt to allege any specificity, Plaintiff identifies four particular errors (Exhibit A at ¶¶ 38-41). Again, the alleged errors in the Amended Complaint at ¶¶ 37-40 are either nonexistent, or do not constitute

13

accessibility barriers. In particular, Plaintiff does not allege on what date he encountered these errors, or how these errors prevented him from making a purchase or otherwise accessing the Website. Plaintiff fails to articulate what exactly he claims his injury to be. The Complaint should be dismissed like the complaints in *Guglielmo* and *Mendez*.

### IV.     PLAINTIFF'S NYCHRL and NYCHRL CLAIMS SHOULD BE DISMISSED.

Because Plaintiff lacks standing under the ADA, he also lacks standing on his NYSHRL and NYCHRL claims, and those claims should be dismissed as well. *Lopez v. W. Elm, Inc.*, No. 19 CIV. 10079 (ER), 2020 WL 6546214, at *3 (S.D.N.Y. Nov. 6, 2020); *Mendez*, 2019 WL 2611168, at *4.

### CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Complaint with prejudice and without leave to again amend.

Dated:  New York, New York
        March 4, 2022

                                                    Jacob J. Schindelheim, Esq.
                                                    **Koss & Schonfeld, LLP**
                                                    *Attorneys for Defendants*
                                                    GREENWICH VILLAGE DENTAL ARTS
                                                    P.C. AND ADVANCED DENTAL ARTS, P.C.
                                                    90 John Street, Suite 503
                                                    New York, NY 10038
                                                    Tel: (212) 857-4480
                                                    Fax: (212) 401-4757
                                                    jjs@kandsllp.com