UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JUAN ROMAN, ON BEHALF OF HIMSELF
AND ALL OTHER PERSONS SIMILARLY
SITUATED,

          Plaintiffs,

          v.

GREENWICH VILLAGE DENTAL ARTS P.C.,

AND ADVANCED DENTAL ARTS, P.C.,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No.: 1:21-cv-5939

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

GOTTLIEB & ASSOCIATES

Jeffrey M. Gottlieb (JG-7905)
Michael A. LaBollita (ML-9985)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: 212.228.9795
Fax: 212.982.6284
Jeffrey@gottlieb.legal

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**Pages**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF FACTS | 2, 3 |
| III. | LEGAL STANDARD 12(b)(1) | 3, 4 |
| IV. | LEGAL STANDARD 12(b)(6) | 4, 5 |
| V. | THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS MATTER | 5, 6 |
| | a. The Plaintiff Has Standing in this Action Because He Suffered A Concrete and Particularized Injury. | 5, 6 |
| | b. The Defendant's Prior Litigation History is Irrelevant to the Issue of Standing. | 6, 7 |
| VI. | THE PLAINTIFF STATES A VALID CLAIM UNDER THE ADA | 7 |
| VII. | THE ADA APPLIES TO WEBSITES AND THE DEFENDANT'S WEBSITE IS A PLACE OF PUBLIC ACCOMMODATION | 8-10 |
| VIII. | PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD SURVIVE WITH THE ADA CLAIM | 10, 11 |
| IX. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Cases**          **Pages**

*Amidax Trading Grp. v. S.W.I.F.T. Scrl*,
671 F.3d 140, 145 (2d Cir. 2011) ................ 3

*Andrews v. Blick Art Materials, LLC*,
268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) ................ 8,9

*Arbaugh v. Y & H Corp.*,
546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ................ 3

*Ashcroft v. Iqbal,*
556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................ 4

*Baisch v. Gallina,*
346 F.3d 366, 372 (2d Cir. 2003) ................ 5

*Baughman v. Walt Disney World Co.*,
685 F.3d 1131 (9th Cir. 2012). ................ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) ................ 4

*Camacho v. Vanderbilt Univ.*,
2019 Us Dist Lexis 209202, At *23-24 [Sdny Dec. 4, 2019] ................ 4,6

*Camarillo v. Carrols Corp.*,
518 F.3d 153, 156 (2d Cir. 2008) ............................................................................. 4

*Carter v. Healthport Techs., LLC*,
822 F.3d 47, 55 (2d Cir. 2016) ................................................................................. 3

*Citizens For Responsibility & Ethics In Wash. v. Trump*,
939 F.3d 131, 137 (2d Cir. 2019) ............................................................................. 4

*Davis v. FEC*
554 U.S. 724, 732, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008)) ............................. 3

*D.H. Blair & Co. v. Gottdiener*
462 F.3d 95, 105 (2d Cir. 2006) ............................................................................... 4

*D'lil v. Best Western Encina Lodge & Suites*,
538 F.3d 1031, 1040 (9th Cir. 2008) ....................................................................... 6

*Del-Orden v. Bonobos, Inc.*,
No. 17 Civ. 2744(Pae), 2017 U.S. Dist. Lexis 209251, 2017 Wl 6547902, At *1 (S.D.N.Y. Dec. 20, 2017) (Engelmayer, J.). ............................................................. 9

*Dominguez v. N.Y. Equestrian Ctr., Ltd.*,
No. 18-Cv-9799 (Ajn), 2020 U.S. Dist. Lexis 179258, At *5 (S.D.N.Y. Sep. 28, 2020) ..... 9

*Germain v. M&T Bank Corp.*,
111 F. Supp. 3d 506, 527 (S.D.N.Y. 2015) ................... 5

*Graves v. Finch Pruyn & Co., Inc.*,
457 F.3d 181, 186 N.3d (2d Cir. 2006)) ................... 10

*Kittok v. Leslie's Poolmart, Inc.*,
687 F.Supp.2d 953, 959 (C.D.Cal. 2009) ................... 6

*Kreisler v. Second Avenue Diner*,
731 F.3d At 188 ................... 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118, 125, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) ................... 5

*Lunney v. United States*,
319 F.3d 550, 554 (2d Cir. 2003) ................... 3, 4

*Lujan v. Defenders Of Wildlife*
504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1997) ................... 3

*Markett v. Five Guys Enters., LLC*,
No. 17-Cv-788, 2017 Us Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.) ................... 8

*Molski v. Evergreen Dynasty Corp.*,
500 F.3d 1047, 1062 (9th Cir. 2007) ................... 6

*Moore v. Millennium Acquisitions, LLC*,
2015 Wl 769740, At *2 (M.D. Ca. Feb. 23, 2015) ................... 6

*Mosley v. Kohl's Department Stores, Inc.,*
No. 19-1106 (6th Cir. 2019);                                                   6

*O'hanlon v. Uber Techs., Inc.*
Civil Action No. 2:19-Cv-00675, 2019 U.S. Dist. Lexis 196029, At *1 (W.D. Pa. Nov. 12, 2019).   6

*Ortiz v. Westchester Med. Ctr. Health Care Corp.,*
No. 15-Cv-5432 (Nsr), 2016 U.S. Dist. Lexis 161777, 2016 Wl 6901314, At *6 (S.D.N.Y. Nov. 18, 2016).                                                      6

*Outley v. City Of New York,*
837 F.2d 587, 595 (2d Cir. 1988)                                               6

*Pallozzi v. Allstate Life Ins. Co.,*
198 F.3d 28 (2d Cir. 1999)                                                     8

*Romero v. 88 Acres Foods, Inc.,*
2022 Us Dist Lexis 9040, At *16 [Sdny Jan. 18, 2022, No. 20-Cv-9215 (Kmw)])   *passim*

*Small v. General Nutrition Cos.,*
388 F. Supp. 2d 83 (E.D.N.Y. 2005)                                             6

*Steger v. Franco, Inc.,*
228 F.3d 889, 891 (8th Cir. 2000)                                              6

*Sullivan v. Syracuse Hous. Auth.,*
962 F.2d 1101, 1106 (2d Cir. 1992)                                             4

*Suvino v. Time Warner Cable,*
No. 16-Cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.)                            8

*Thorne v. Formula 1 Motorsports, Inc.*,
No. 19- Cv-1077 (Jpo), 2019 U.S. Dist. Lexis 220080, At *5 (S.D.N.Y. Dec. 19, 2019)   8

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100, 106 (2d Cir. 2008)   3

*Wilson v. Pier 1 Imports (US), Inc.*,
411 F.Supp.2d 1196, 1199 (E.D.Cal. 2006)   7

**Statutes**

42 U.S.C. § 12181 ET SEQ   *passim*

42 U.S.C. § 12182(a)   *passim*

42 U.S.C. § 12182(b)(2)(A)(iii)   *passim*

28 C.F.R. § 36.303(c);   *passim*

N.Y.C. ADMIN. CODE § 8-101, ET SEQ   *passim*

N. Y. C.P.L.R. § 302(A)(1)   *passim*

**Rules**

Fed. R. Civ. P. 12(B)(1)   *passim*

Fed. R. CIv. P. 12(B)(2)   *passim*

Plaintiff, Juan Roman, on behalf of himself and all others similarly situated, ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant's motion to dismiss (Dkt. 25, the "Motion to Dismiss") filed by Greenwich Village Dental Arts P.C., And Advanced Dental Arts, P.C., (hereinafter collectively referred to as "Defendant").

## I.     PRELIMINARY STATEMENT

Defendant is in violation of the American with Disabilities Act of 1990 (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL") because its website is plagued with access barriers that prevent blind and visually impaired persons from, *inter alia*, navigating the website and completing transactions.

In an attempt to obtain a dismissal of the class action First Amended Complaint filed in this action (Dkt. 21, the "Complaint"), Defendant argues that there is no subject matter jurisdiction over this action because the ADA does not apply to the Defendant because the ADA does not apply to websites notwithstanding that Defendant operates a physical location and its website is a gateway or nexus thereto. However, Defendant fails to account for the well-established line of case law in both this District and under the Second Circuit (including opinions issued by this Court) holding that a website is a place of public accommodation for purposes of the ADA, and that Defendant is therefore required to ensure that its website does not discriminate against the blind and visually impaired.

Next, Defendant seeks a Rule 12(b)(6) dismissal by arguing that the Defendant's Website is not subject to the ADA because it is not a place of public accommodation, despite the fact that its website is heavily integrated with its physical dentist office location in New York City. Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

1

**II.     STATEMENT OF FACTS**

Plaintiff brought his civil rights action against the Defendant for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA"). *Complaint* at ¶ 5. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet their definition have limited vision. Others have no vision. *Id* at ¶ 2. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of New York that caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and other visually-impaired consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website while attempting to access the website from his home in New York County and as a result he was denied the full use and enjoyment of Defendant's dental office located in New York, NY. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from visiting Defendant's Website. This includes, Plaintiff attempting to obtain information about Defendant's physical dental offices. *Id* ¶ 13. Defendant's Website provides consumers with access to an array of services including information about obtaining dental assistance and other services available

online and in their dental offices for purchase, and to ascertain information relating to insurance, scheduling appointments, doctors, and privacy policies. *Id* ¶ 19. The Plaintiff intends to immediately revisit the Website to obtain services from the Defendant as soon as the access barriers are removed from the Website. *Id* ¶ 33. During Plaintiff's last visit to Defendant's Website on January 25, 2022 he experienced specified and particularized barriers on the Website that prevented him from utilizing the Website. *Id* ¶ 32.

### III.    LEGAL STANDARD 12(b)(1)

To assert federal subject-matter jurisdiction, a party must have Article III standing — "the personal interest that must exist at the commencement of the litigation." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (citing *Davis v. FEC*, 554 U.S. 724, 732, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008)). A standing issue may be raised at any stage in a litigation, *id.* (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)), and "'[t]he party invoking federal jurisdiction bears the burden of establishing the[ ] elements' of Article III standing," *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1997)).

On a Rule 12(b)(1) motion, the challenge to subject-matter jurisdiction may be facial or fact-based. *Carter*, 822 F.3d at 55. When considering a facial challenge, a court must determine whether the pleading "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Id.* (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)). For purposes of a Rule 12(b)(1) facial challenge, a court accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff asserting jurisdiction. *Id.* (citing *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100,

3

106 (2d Cir. 2008); *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir 2003)). (*Camacho v Vanderbilt Univ.*, 2019 US Dist LEXIS 209202, at *23-24 [SDNY Dec. 4, 2019]).

The U.S. Const. Art. III "requirement that Plaintiffs adequately allege an *injury in fact* "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem.*** "[A]n identifiable trifle is enough for standing to fight out a question of principle." Because this appeal arises at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss courts presume that general allegations embrace those specific facts that are necessary to support the claim (citations omitted)." *Citizens for Responsibility & Ethics in Wash. v. Trump*, 939 F.3d 131, 137 (2d Cir. 2019).

IV.  LEGAL STANDARD 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "To state a claim under Title III [of the Americans with Disabilities Act ("ADA" or "the Act")], [a plaintiff] must allege (1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

4

Title III of the ADA ("Title III) requires "[n]o individual shall be discriminated against on the basis of disability in the *full* and *equal* enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii).

### V. THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS MATTER

a. <u>The Plaintiff Has Standing in this Action Because He Suffered A Concrete and Particularized Injury.</u>

"To have statutory standing a plaintiff's complaint must fall within the zone of interests protected by the law invoked." *Germain v. M&T Bank Corp.,* 111 F. Supp. 3d 506, 527 (S.D.N.Y. 2015) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) (alterations and quotation marks omitted)). The zone of interests test "seeks to determine whether . . . the plaintiff is within the class of persons sought to be benefitted by the provision at issue." *Baisch v. Gallina*, 346 F.3d 366, 372 (2d Cir. 2003); *see also Sullivan v. Syracuse Hous. Auth.*, 962 F.2d 1101, 1106 (2d Cir. 1992) ("[T]he interest asserted by the plaintiff should be arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." (citation and quotation marks omitted)).

The Plaintiff has alleged a plausible intent to return to Defendant's Website. Due to the known barrier that exists (Defendant's Website is inaccessible in violation of Title III of the ADA) and has no intention of being remedied, a visit to Defendant's Website would be a 'futile gesture,' as these violations are ongoing and will continue if the Defendant does not remediate

the deficiencies of its Website. *See Small v. General Nutrition Cos.*, 388 F. Supp. 2d 83 (E.D.N.Y. 2005) *See also*, *Steger v. Franco, Inc.*, 228 F.3d 889, 891 (8th Cir. 2000); *Ortiz v. Westchester Med. Ctr.* Health Care Corp., No. 15-CV-5432 (NSR), 2016 U.S. Dist. LEXIS 161777, 2016 WL 6901314, at *6 (S.D.N.Y. Nov. 18, 2016). *See also Mosley v. Kohl's Department Stores, Inc.*, No. 19-1106 (6th Cir. 2019); *O'Hanlon v. Uber Techs., Inc.*, Civil Action No. 2:19-cv-00675, 2019 U.S. Dist. LEXIS 196029, at *1 (W.D. Pa. Nov. 12, 2019).

   b. <u>The Defendant's Prior Litigation History is Irrelevant to the Issue of Standing.</u>

Defendant's claims about the number of prior lawsuits commenced by Plaintiff or its counsel are totally irrelevant.[1] "Nothing in the statutory language of the ADA suggests that a plaintiff's history of ADA litigation history gives rise to a defense against ADA claims." *Moore v. Millennium Acquisitions, LLC*, 2015 WL 769740, at *2 (M.D. Ca. Feb. 23, 2015). The Court "must be particularly cautious about [making] credibility determinations that rely on a plaintiff's past ADA litigation." *See D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1040 (9th Cir. 2008).

The Second Circuit Court of Appeals has held that a plaintiff's history of litigation is generally not admissible as evidence in a lawsuit. *See Kreisler v. Second Avenue Diner, supra*, 731 F.3d at 188; *Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L.Rev. 1, 5 (2006)); *D'Lil, supra,* 538 F.3d at 1039. Further that the number of ADA cases brought by a particular plaintiff does not demonstrate an improper purpose, wrongdoing, or bad faith. *See e.g. Kittok v. Leslie's Poolmart, Inc.,* 687 F.Supp.2d 953, 959 (C.D.Cal. 2009)

---

[1] "After careful consideration, however, the Court concludes that those similar complaints do not deprive the Court of subject matter jurisdiction in this matter." *Camacho v Vanderbilt Univ.*, 2019 US Dist LEXIS 209202, at *29 [SDNY Dec. 4, 2019])

6

("**The persistence of plaintiffs in bringing multiple lawsuits alleging unequal access to places of public accommodation does not demonstrate wrongdoing by plaintiffs any more than it shows a hesitation of businesses to comply with the law**."); and *Wilson v. Pier 1 Imports (US), Inc.,* 411 F.Supp.2d 1196, 1199 (E.D.Cal. 2006) (finding a record of litigiousness did not establish bad faith on part of the plaintiffs). Accordingly, the number of ADA lawsuits filed by a plaintiff cannot be used as a consideration in determining standing or the merits of the claim brought here.

## VI. THE PLAINTIFF STATES A VALID CLAIM UNDER THE ADA

Plaintiff has stated a claim under Title III of the ADA. The Complaint alleges Plaintiff is disabled within the meaning of the ADA; states the specific date of the Plaintiff's attempt to obtain dental services as well as the specific barriers encountered by the Plaintiff, which was futile because the Defendant's website contains substantial barriers to accessibility which made the Website almost impossible to navigate. In arguendo, even if the Plaintiff was able to somehow able to access the Website despite the numerous and substantial barriers, Title III of the ADA requires "[n]o individual shall be discriminated against on the basis of disability in the *full* and *equal* enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a) (Emphasis Added). Title III also requires that places of public accommodations provide "appropriate services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c); *see also* 42 U.S.C. § 12182(b)(2)(A)(iii), *see also Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012).

## VII. THE ADA APPLIES TO WEBSITES AND THE DEFENDANT'S WEBSITE IS A PLACE OF PUBLIC ACCOMMODATION

7

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. *See Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999). In *Pallozzi*, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. *Id.* at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability."). Consistent with that decision, every District Court within the Second Circuit with the exception of the outlier *Wingard*[2] to address this issue has held a company's website that is integrated with a physical structure constitutes either a "place of public accommodation" or a "service of" a place of public accommodation under Title III of the ADA. *See Suvino v. Time Warner Cable*, No. 16-cv-7046 (S.D.N.Y. Aug. 31, 2017) (Swain, J.); *Andres v. Blick Art Materials, LLC,* No. 17-cv-767, 2017 U.S Dist. Lexis 121007 (E.D.N.Y. Aug. 1, 2017) (Weinstein, J.); *Markett v. Five Guys Enters., LLC*, No. 17-cv-788, 2017 US Dist. Lexis 115212 (S.D.N.Y. July 21, 2017) (Forrest, J.). These District Courts accordingly held a company violates the ADA when it fails to make their websites equally accessible to the visually impaired, as it denies them full and equal opportunity to enjoy the services of the website and physical structures. *Id* Here, the Defendant's physical dentist office is undoubtedly a place of public accommodation under 42 U.S. Code § 12181(7)(f), and its Website is heavily integrated with its physical location.

Defendant fails to account for an established line of caselaw in this District and in the

---

[2] *Winegard v Newsday LLC*, 2021 US Dist LEXIS 153995 [EDNY Aug. 16, 2021, No. 19-CV-04420(EK)(RER)] is an **outlier** and the Honorable Kimba Wood **criticized** *Winegard* by holding "this Court does not find Winegard's reasoning compelling."*Romero v. 88 Acres Foods, Inc.*, 2022 US Dist LEXIS 9040, at *16 [SDNY Jan. 18, 2022, No. 20-CV-9215 (KMW)]))

Second Circuit (including caselaw issued by this Court) explicitly finding that a website is a place of public accommodation subject to the requirements of the ADA. *See, e.g., Dominguez v. N.Y. Equestrian Ctr., Ltd.,* No. 18-cv-9799 (AJN), 2020 U.S. Dist. LEXIS 179258, at *5 (S.D.N.Y. Sep. 28, 2020) (Nathan, J.) (finding that "[the defendant's] website is a place of accommodation" subject to the ADA); *see also Thorne v. Formula 1 Motorsports, Inc.*, No. 19- CV-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *5 (S.D.N.Y. Dec. 19, 2019) (finding same); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) ("It is unambiguous that under Title III of the ADA, [the defendant's website] is a place of public accommodation"); *see also Romero v. 88 Acres Foods, Inc.*, 2022 US Dist LEXIS 9040, at *16 [SDNY Jan. 18, 2022, No. 20-CV-9215 (KMW)]) (the Court concludes that the term "public accommodation" in Title III of the ADA encompasses private commercial websites that affect commerce  with or without a nexus to a physical place" *Romero*, at *19-20). In *Del-Orden v. Bonobos, Inc.*, Judge Engelmayer conducted a comprehensive review of the caselaw, and "join[ed] the growing number of courts to hold that commercial websites qualify as 'public accommodations' within the meaning of the ADA, such that the ADA's protections extend to blind persons who claim discriminatory access to such websites." No. 17 CIV. 2744(PAE), 2017 U.S. Dist. LEXIS 209251, 2017 WL 6547902, at *1 (S.D.N.Y. Dec. 20, 2017) (Engelmayer, J.). *Romero* at *15

Additionally, the Department of Justice weighed in on the issue of whether the ADA applies to websites "[w]hen Congress enacted the ADA in 1990, it intended for the ADA to keep pace with the rapidly changing technology of our times. Since 1996, the Department of Justice has consistently taken the position that the ADA applies to web content." "Inaccessible web content means that people with disabilities are denied equal access to information. An

9

inaccessible website can exclude people just as much as steps at an entrance to a physical location. Ensuring web accessibility for people with disabilities is a priority for the Department of Justice. In recent years, a multitude of services have moved online and people rely on websites like never before for all aspects of daily living." A website with inaccessible features can limit the ability of people with disabilities to access a public accommodation's goods, services, and privileges available through that website.[3]

Accordingly, Defendant's Website is undoubtedly a place of public accommodation subject to the requirements of the ADA.

### VIII. PLAINTIFF'S STATE AND CITY LAW CLAIMS SHOULD SURVIVE WITH THE ADA CLAIM

Defendant alleges that if this Court finds Plaintiff's failed to state a cognizable claim under the ADA, then it dooms the remaining claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") (Def MTD pg. 17).

The "New York State [and City] disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga,* 369 F.3d 113, 117 n.1 (2d Cir. 2004). Thus, "[i]n general, disability discrimination claims under the NYSHRL rise or fall in tandem with disability discrimination claims brought pursuant to the federal ADA." *Andrews at* 381, 398 (E.D.N.Y. 2017) (citing *Graves v. Finch Pruyn & Co., Inc.,* 457 F.3d 181, 186 n.3d (2d Cir. 2006)).

---

[3] Justice Department Issued New Web Accessibility Guidance Under the Americans with Disabilities Act Titled Guidance on Web Accessibility and the ADA (This guidance describes how state and local governments and businesses open to the public can make sure that their websites are accessible to people with disabilities as required by the Americans with Disabilities Act (ADA). https://beta.ada.gov/web-guidance/ *Published March 16, 2022.*

Accordingly, since Plaintiff's federal claims survive Defendant's motion to dismiss for the reasons stated above, then the NYSHRL and NYCHRL claims survive as well.

**IX.    CONCLUSION**

For the reasons set forth, the Court should respectfully deny Defendant's Motion to Dismiss in its entirety or in the alternate grant Plaintiff limited jurisdictional discovery.

Dated: New York, New York
March 25, 2022

GOTTLIEB & ASSOCIATES

*/s/Jeffrey M. Gottlieb, Esq.*
Jeffrey M. Gottlieb, Esq.