```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JUAN ROMAN,

                Plaintiff,        21-cv-5939 (JGK)

    - against -            MEMORANDUM OPINION
                                          AND ORDER

GREENWICH VILLAGE DENTAL ARTS P.C.,
ADVANCED DENTAL ARTS, P.C.,

                Defendants.

JOHN G. KOELTL, District Judge:

       The plaintiff, Juan Roman, brought this action against the defendants, Greenwich Village Dental Arts, P.C., and Advanced Dental Arts, P.C., alleging that the defendants failed to make their website fully accessible to blind and visually-impaired individuals in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"); the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4) et seq. ("NYCHRL").

       The defendants now move to dismiss the plaintiff's first amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motions to dismiss are **denied**.

I.

Roman is a visually impaired and legally blind person who requires screen-reading software to read websites. 1st Am. Compl. ("Compl."), ECF No. 21, ¶ 1. The defendants operate a brick-and-mortar dental office in New York City together with an associated website. The plaintiff alleges that the defendants' website is not accessible to blind and visually impaired users because it is incompatible with screen-reading software, and that screen-reading software is the only method a blind or visually impaired person can use to access the internet. Id. ¶¶ 7, 24. The plaintiff alleges that he has visited the defendants' website in an attempt to obtain services but was faced with multiple barriers that prevented him from using the website in the same way that a sighted person could use the website. Id. ¶ 32. The plaintiff alleges that because website is inaccessible, he is unable fully and equally to access the same content and services available to sighted users. The plaintiff alleges that "as soon as access barriers are removed" from the defendants' website, the plaintiff intends to "immediately revisit the Website." Id. ¶ 33.

The plaintiff seeks a permanent injunction requiring the defendants to make their website fully accessible to blind and visually impaired users as required by the ADA. The plaintiff also seeks compensatory damages under the NYSHRL and NYCHRL.

## II.

### A.

When presented with motions under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court should consider the jurisdictional challenge first. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

The defendants first move to dismiss the plaintiff's claim for lack of standing. To prevail against a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. Id. Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings to determine whether jurisdiction exists. See Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by that body of decisional law that has developed under Rule 56. See id.

To satisfy the requirements of Article III standing, a party must show that (1) the party has suffered an actual or imminent injury in fact, which is concrete and particularized; (2) there is a causal connection between the injury and conduct complained of; and (3) it is likely that a favorable decision in the case will redress the injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561.

Injury-in-fact is satisfied here. The plaintiff alleges that he has tried, unsuccessfully, to use the website in the past. Because the website is inaccessible, the plaintiff alleges that he has been denied access to the services it offers. Furthermore, the plaintiff alleges that he would use the website in the future were the website made accessible. Compl. ¶ 33. The plaintiff has therefore suffered an actual injury that is both concrete, insofar as the plaintiff has been denied services available to sighted individuals, and particularized, insofar as the plaintiff himself has attempted to access the website.

Causation and redressability are also both satisfied. The plaintiff has alleged adequately that the defendants' website's inaccessibility caused the plaintiff's injury. Additionally, making the defendants' website accessible would redress the plaintiff's injury of being unable to access the website.

4

Accordingly, the defendants' motion to dismiss under Rule 12(b)(1) for lack of standing is **denied**.

### III.

#### A.

The Court must therefore address the defendants' motion to dismiss under Rule 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiffs' favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, the plaintiff must

5

allege "(1) that [the plaintiff] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [the plaintiff] by denying [the plaintiff] a full and equal opportunity to enjoy the services defendants provide." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. 42 U.S.C. § 12182(b)(2)(A)(ii).

The first and third elements are satisfied. The parties do not dispute that the plaintiff is blind and therefore cannot fully and equally enjoy the services of the defendants' website as compared to a sighted individual.

The defendants argue only that a website is not a place of public accommodation under the ADA. However, many well-reasoned decisions in this Circuit have found that websites are places of public accommodation "with or without a nexus to a physical place." See, e.g., Romero v. 88 Acres Foods, Inc., 580 F. Supp. 3d 9, 19-21 (S.D.N.Y. 2022). Although a minority of courts[1] in this Circuit have reasoned that a website is only a place of

---

[1] A "vast majority" of courts in this District have concluded that websites are places of public accommodation regardless of any connection to a physical location. See Tavarez v. Moo Organic Chocolates, LLC, No. 21-cv-9816, 2022 WL 3701508, at *2 n.2 (S.D.N.Y. Aug. 26, 2022) (collecting cases).

6

public accommodation if it is "adjunct to a brick-and-mortar business," id. at 19, it does not change the result here because the defendants' website is connected to its brick-and-mortar storefront in New York City. Thus, on either interpretation, the defendants' website is a place of public accommodation under the ADA. Accordingly, the defendants' motion to dismiss is **denied**.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim are **denied**. The Clerk is directed to close all pending motions.

SO ORDERED.
Dated:     New York, New York
           September 13, 2022

                                                  John G. Koeltl
                                     United States District Judge